UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COLTIN HERZOG, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25cv168-DRL-SJF |
| BRADY THOMAS, | |
| Defendant. | |

OPINION AND ORDER

Coltin Herzog, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Herzog alleges that since he entered the DeKalb County Jail on May 23, 2024, he has spent an inordinate amount of time on maximum security and disciplinary due to what he says is "this Jail's very broad rulebook." ECF 1 at 2. He complains that while housed on either of these blocks, he was denied the ability to attend church and properly attend Gideon services. Mr. Herzog alleges he is a Christian and has been an extremely religious person since age 10. He feels discriminated against because he cannot properly

attend church like those on lesser security blocks. Whenever he brings this up, he is told that maximum security and disciplinary are not part of the Gideon services.

Prisoners have a right to exercise their religion under the free exercise clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Moreover, the Supreme Court has long established "the general proposition that a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993). Jail officials may ultimately be able to demonstrate they had legitimate penological objective for not permitting inmates on maximum security or disciplinary to attend church, but the complaint states a claim.

However, Mr. Herzog will be allowed to proceed on this claim against only Sheriff Brady Thomas in his official capacity and not Jail Commander Joshua Carpenter or Lieutenant Zach Shifflett. Liability under 42 U.S.C. § 1983 requires personal involvement in the alleged constitutional violation. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). Mr. Herzog does not mention any of the defendants in the body of the complaint to explain how any of them were personally involved in denying him church services. Instead, he seems to be complaining about a jail policy against allowing inmates on maximum security or disciplinary attend church. When a jail policy causes a deprivation of a federal right, a plaintiff may sue the municipal entity responsible for the policy for

damages under § 1983. *See See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Here, a suit against the sheriff in his official capacity is the same as a suit against the DeKalb County Sheriff's Office. *See McMillian v. Monroe Cnty.*, 520 U.S. 781, 785 n.2 (1997) ("[A] suit against a governmental officer in his official capacity is the same as a suit against the entity of which the officer is an agent." (quotation marks and brackets omitted)). Therefore, Sheriff Thomas is the proper defendant.

The Religious Land Use and Institutionalized Persons Act (RLUIPA) affords even broader protections than the First Amendment. This act prohibits governmental entities from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *see generally Holt v. Hobbs*, 574 U.S. 352 (2015). Mr. Herzog may also proceed on a claim under RLUIPA against Sheriff Brady in his official capacity to receive money damages[1] and permanent injunctive relief to be able to attend church while on maximum security or disciplinary.

---

[1] RLUIPA doesn't authorize money damages against a State or an individual. *See Sossamon v. Texas*, 563 U.S. 277, 285-88 (2011) (RLUIPA's authorization of "appropriate relief" not an unambiguous waiver of a State's Eleventh Amendment Immunity); *Nelson v. Miller*, 570 F.3d 868, 886-87 (7th Cir. 2009), *abrogated on other grounds by Jones v. Carter*, 915 F.3d 1147, 1149-50 (7th Cir. 2019) (RLUIPA applies to certain entities that receive federal funds, but an individual doesn't receive federal funds). However, the possibility of money damages against a municipality is not foreclosed. *See Williams v. Redman*, No. 3:20-CV-196-JD-MGG, 2021 WL 1907224, 2–3 (N.D. Ind. May 12, 2021).

Mr. Herzog is not proceeding *in forma pauperis*. Therefore, the court will not serve the defendants pursuant to 28 U.S.C. § 1915(d). Rather, it is his obligation to serve the defendants with a copy of the complaint and this screening order as provided by Federal Rule of Civil Procedure 4.

For these reasons, the court:

(1) GRANTS Coltin Herzog leave to proceed against Sheriff Brady Thomas in his official capacity for monetary damages for a jail policy of not allowing inmates on Maximum Security or Disciplinary to attend church services in violation of the First Amendment and RLUIPA;

(2) GRANTS Coltin Herzog leave to proceed against Sheriff Brady Thomas in his official capacity for permanent injunctive relief to be able to attend church services while on Maximum Security or Disciplinary to the extent required by RLUIPA;

(3) DISMISSES all other claims;

(4) DISMISSES Joshua Carpenter and Zach Shifflett;

(5) DIRECTS the clerk to sign and seal summons for Sheriff Brady Thomas and send it to Coltin Herzog; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sheriff Brady Thomas to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

July 11, 2025  *s/ Damon R. Leichty*
Judge, United States District Court